USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/20/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LILIANA BARRIOS-CONTRERAS,

                Plaintiff,

-against-

BIG FISH ENTERTAINMENT, LLC, et al.,

                Defendants.

23-CV-5821 (JGLC) (JLC)

**ORDER OF ALTERNATIVE SERVICE**

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, as well as New York state and city human rights law. By order dated August 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The case was referred to me for general pretrial on January 8, 2024 (Dkt. No. 35).

Because plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See, e.g.*, *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

On February 12, 2024 (Dkt. No. 46), plaintiff requested that the Court issue an order for substituted service on the individual defendants Rasheed Daniels, Max Miller, Van Johnson, Corey Robinson, and Charmaine Walker (the "unserved defendants"). She requests authorization to serve the unserved defendants via

delivery to co-defendant Big Fish Entertainment's place of business in New Jersey because she has been unsuccessful in finding their other addresses.

Plaintiff previously attempted to effect service via this method. Dkt. Nos. 15, 17–19, 22–23. However, service was unsuccessful, as counsel for Big Fish Entertainment informs the Court that the unserved defendants are not employees of Big Fish Entertainment and Big Fish Entertainment therefore cannot accept service on their behalf. *Id.*

Plaintiff also requests authorization to serve defendant Charmaine Walker at the address of WGCI, a radio station in Chicago, alleging that it is her "second place of business." The Marshals previously attempted to effect service at the WGCI address, and were informed that Ms. Walker was no longer employed there. Dkt. No. 16.

As an order for substitute service at the address of Big Fish Entertainment or at WGCI as requested by plaintiff would not afford the individual defendants adequate notice of the litigation, plaintiff's request for authorization for alternative service at those addresses is **DENIED**, without prejudice to renewal should plaintiff provide the Court with accurate current addresses for the unserved defendants.

**SO ORDERED.**

Dated:  February 20, 2024
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge