UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILIANA BARRIOS-CONTRERAS,<br><br>       Plaintiff,<br><br>-against-<br><br>BIG FISH ENTERTAINMENT LLC; DAN CESAREO; RASHEED DANIELS; MAX MILLER; CHARMAINE WALKER; VAN JOHNSON; COREY ROBINSON; DOES I through X, and ROE,<br><br>       Defendants. | 23-CV-5821 (JGLC) (JLC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

    This motion to compel arbitration was referred to Magistrate Judge Cott for a Report and Recommendation. *See* ECF No. 35. Following the Court's referral, Plaintiff filed a motion to oppose arbitration, ECF No. 65, and a motion to file an amended complaint, ECF No. 66. In the Report and Recommendation filed on July 17, 2024, Magistrate Judge Cott addressed all three motions and recommended that the motion to compel arbitration be granted, the case should be stayed pending the completion of arbitration, and Plaintiff's motion to amend the Complaint be denied. *See* ECF No. 70. Magistrate Judge Cott also recommended that, pursuant to Federal Rule of Civil Procedure 4(m), the Court should *sua sponte* dismiss without prejudice the claims against the unserved named defendants and unnamed defendants. *Id.*

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised Plaintiff that she had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 70. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

Defendants' motion to compel arbitration is GRANTED, and the case is STAYED while the parties arbitrate. Plaintiff's motion for leave to file an amended complaint is DENIED. The claims against Defendants Rasheed Daniels, Max Miller, Charmaine Walker Bey, Van Johnson, Corey Robinson, the DOE Defendants, and ROE Defendant are DISMISSED without prejudice.

The Clerk of Court is directed to terminate ECF Nos. 30, 65, and 66, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 15, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3