UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LILIANA BARRIOS-CONTRERAS,

                Plaintiff,

          -v-

BIG FISH ENTERTAINMENT LLC, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2025

**ORDER**

23-CV-5821 (JGLC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On November 25, 2025, Plaintiff submitted a letter motion (the "Letter Motion") requesting an exemption from payment of PACER user fees and forgiveness of previously incurred fees.  ECF No. 94.  For the reasons described below, the Letter Motion is **DENIED**.

The Judicial Conference of the United States has issued a fee schedule (the "Fee Schedule") that sets the price for accessing PACER.  *See* Electronic Public Access Fee Schedule, Effective January 1, 2020, https://perma.cc/SJ95-6MJG. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions, including for parties in a case (including *pro se* litigants) who receive one free electronic copy of each document filed electronically via the notice of electronic filing, and for viewing case information or documents at courthouse public access terminals.  *Id.* The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances.  Fee Schedule ¶ 9.  A party seeking a discretionary exemption cannot rely on her IFP status alone.  *Oliva v. Brookwood Coram I, LLC,*

1

No. 14-CV-2513 (JMA) (AYS), 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone." (cleaned up)).  Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information."  *Id.* (quoting Fee Schedule ¶ 9).

Plaintiff is entitled to one free electronic copy of all documents filed electronically in her case under the automatic exemptions.  Further, Plaintiff can access case information and documents in her case using the courthouse public access terminals, Fee Schedule ¶ 8, and may access up to $30 in charges per quarter from home with no charge.  *See* https://pacer.uscourts.gov/pacer-pricing-how-fees-work (last visited Dec. 4, 2025).  Moreover, this case is currently stayed, such that no filings are expected aside from advising when arbitration has been completed.  *See* ECF No. 71 at 2.  Finally, Plaintiff does not provide any detail regarding the amount of outstanding fees she owes.  Given these circumstances, Plaintiff has not demonstrated that an exemption from payment of the PACER fees and forgiveness of fees incurred is necessary to avoid unreasonable burdens or to promote public access to information.

As the undersigned is not referred to Plaintiff's other matter referenced in her Letter Motion, *Barrios v. Big Fish Entertainment, LLC, et al.*, No. 25-CV-3203 (JGLC) (SN), any relief requested for that case must be filed on the docket in that case.

## CONCLUSION

Plaintiff's Letter Motion is **DENIED** without prejudice to renewal.

The Clerk of Court is respectfully directed to terminate Plaintiff's Letter Motion at

ECF No. 94 as **DENIED** and to mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated: December 4, 2025
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

3