UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LILIANA BARRIOS-CONTRERAS,

                              Plaintiff,

-against-

BIG FISH ENTERTAINMENT, LLC, et al.,

                              Defendants.

23-CV-5821 (JGLC) (HJR)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

Pro se Plaintiff Liliana Barrios-Contreras brings this action against Defendants Big Fish Entertainment, LLC and Dan Cesareo, alleging employment discrimination, harassment, retaliation, defamation, and intentional infliction of emotional distress, arising from her participation on the reality television show, *Black Ink Crew: Chicago*. ECF No. 1. On August 15, 2024, the Court granted Defendants' motion to compel arbitration and stayed the case while the parties arbitrate. ECF No. 71. Over eight months later, on April 22, 2025, Plaintiff filed the present Motion to Vacate or Limit the Stay and Reinstate Litigation. ECF No. 72. Defendants oppose this motion. ECF No. 74. On May 12, 2025, this case was referred to the Magistrate Judge Ricardo for general pretrial and dispositive motions. ECF No. 77.

On September 30, 2025, Judge Ricardo issued a Report and Recommendation (the "R&R") recommending that Plaintiff's Motion to Vacate be denied. ECF No. 87. On October 13, 2025, Plaintiff timely objected to the R&R. ECF No. 88. On October 29, 2025, Defendants filed an opposition to Plaintiff's objection. ECF No. 91. On November 5, 2025, Plaintiff filed an additional letter responding to Defendants' opposition and objecting to arbitration. ECF No. 93. For the reasons stated herein, the Court adopts the R&R in its entirety, denying Plaintiff's Motion to Vacate.

**STANDARD OF REVIEW**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**DISCUSSION**

The Court adopts the recitation of facts set forth in the Report and Recommendation and assumes the parties' familiarity therewith. ECF No. 87. In the R&R, Judge Ricardo identified both procedural and substantive grounds to deny Plaintiff's Motion to Vacate. *Id* at 4–5. First, Judge Ricardo noted that Plaintiff's motion is untimely. *Id.* at 4. Judge Ricardo interpreted Plaintiff's Motion to Vacate as a motion for reconsideration under Local Rule 6.3. *Id.* at 1 n.1. Because Local Rule 6.3 requires a party to serve a notice of motion for reconsideration within fourteen days of entry of the Court's determination, Judge Ricardo concluded that Plaintiff's motion, which was filed more than eight months after the Court granted Defendants' motion to compel, was untimely. *Id.* at 2–4. However, in light of Plaintiff's pro se status, Judge Ricardo proceeded to the merits of Plaintiff's motion and determined that Plaintiff failed "to make an

2

adequate showing for reconsideration." *Id.* at 4. Judge Ricardo determined that Plaintiff failed to identify any overlooked controlling law, new evidence, clear error, or manifest injustice requiring reconsideration. *Id.* at 4–5. Therefore, Judge Ricardo recommended dismissal of Plaintiff's motion. *Id.* at 6.

Plaintiff's objections to the R&R are to no avail. First, Plaintiff objects to the R&R on the basis that her motion to vacate was timely, invoking Federal Rule of Civil Procedure 54(b). ECF No. 88 at 7–8. This argument has no merit. Notwithstanding that Judge Ricardo recommended dismissal on substantive, rather than procedural grounds, ECF No. 77 at 4, Plaintiff misinterprets the procedural rules at issue. Rule 54(b) establishes only that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Local Rule 6.3, not Federal Rule of Civil Procedure 54(b), governs when a party must file a motion for reconsideration. And, Plaintiff had 14 days, not eight months, to file this motion. Without question, Plaintiff's motion is untimely, which alone is grounds for dismissal.

Second, Plaintiff objects to the R&R by arguing that Defendants waived arbitration by failing to initiate the arbitration proceedings *Id.* at 8–9. Plaintiff characterizes this purported delay as "deliberate gamesmanship." *Id.* Because these arguments could have been raised to Judge Ricardo, but were not, the Court need not consider them. *See Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (cleaned up) (stating that "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all").

However, even on the merits, it is clear that Defendants have not waived their right to arbitrate. The Second Circuit analyzes whether a party has waived its right to arbitration by

determining "whether a party knowingly relinquished the right to arbitrate by acting inconsistently with that right." *Brown v. Peregrine Enters., Inc.*, No. 22-2959, 2023 WL 8800728, at *3 (2d Cir. Dec. 20, 2023) (summary order) (cleaned up). It is well-established that "[d]elay alone does not establish waiver." *Melendez v. Ethical Culture Fieldston Sch.*, 789 F. Supp. 3d 316, 334 (S.D.N.Y. 2025), *appeal withdrawn*, No. 25-1838, 2025 WL 3003303 (2d Cir. Oct. 14, 2025). Therefore, even assuming Defendants did delay the initiation of arbitration, it is clear that they have not waived their right to arbitration.

Additionally, Plaintiff is the one who must initiate arbitration, and Defendants' failure to initiate arbitration against themselves does not constitute deliberate gamesmanship. *See* ECF No. 31-1 at 14 (stating in the arbitration agreement at issue that arbitration is commenced by "[t]he initiating party . . . serv[ing] a written notice of intention to arbitrate . . . on the respondent"). In support of her argument, Plaintiff cites an out-of-circuit decision and quotes language that does not actually appear in the opinion. *See* ECF No. 93 at 3 (erroneously quoting *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 490 (5th Cir. 2002) as stating that "[a] party who invokes the FAA and obtains a stay must carry the burden of moving the arbitration forward"). However, the Fifth Circuit's decision actually supports Defendants' position, stating that "mere delay falls far short of the waiver requirements" and that courts have rejected claims of waiver even when it was alleged that parties "affirmatively attempt[ed] to delay" arbitration. *Gulf Guar.*, 304 F.3d at 484 (citations omitted). Therefore, Plaintiff's objections regarding waiver of arbitration and gamesmanship fail.

Third, Plaintiff objects to the R&R on substantive bases regarding the arbitration agreement's enforceability, with arguments regarding unconscionability, inauthenticity of the contract, and statutory preemption by the federal Ending Forced Arbitration of Sexual Assault

4

and Sexual Harassment Act ("EFAA"), 9 U.S.C. §§ 401–02. ECF No. 88 at 10–19. Regarding

Plaintiff's unconscionability argument, Judge Ricardo noted that Judge Cott, in a Report and

Recommendation previously adopted by the Court at ECF No. 71, already thoroughly considered

the issues and determined that the agreement is not unconscionable. ECF No. 87 at 5 (citing ECF

No. 70 at 10–13). Plaintiff's attempt to recycle her argument that unequal bargaining power

alone constitutes procedural unconscionability is to no avail. *See* ECF No. 88 at 11–12; *see also*

ECF No. 70 at 11 (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991)

("'Mere inequality in bargaining power' not basis for declining to enforce arbitration agreements

contained in employment contracts")).

Similarly, Plaintiff's substantive unconscionability arguments also fail. Plaintiff argues

that the arbitration clause is substantively unconscionable because it purports to compel

arbitration of "all claims, including fraud in the inducement," and because the clause's

confidentiality requirement is "oppressive" and "conceal[s] wrongdoing from public view." ECF

No. 88 at 12–13. These arguments fail for multiple reasons. First, the Supreme Court has long-

established that

> arbitration clauses as a matter of federal law are 'separable' from the
> contracts in which they are embedded, and that where no claim is
> made that fraud was directed to the arbitration clause itself, a broad
> arbitration clause will be held to encompass arbitration of the claim
> that the contract itself was induced by fraud.

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967). Therefore, the

arbitration agreement's scope is valid as written and does not constitute substantive

unconscionability. *See* ECF No. 31-1 at 14. Furthermore, "the confidentiality of proceedings

does not, by itself, render an agreement to arbitrate unconscionable." *Damato v. Time Warner*

*Cable, Inc.*, No. 13-CV-994 (ARR) (RML), 2013 WL 3968765, at *12 (E.D.N.Y. July 31, 2013). Therefore, Plaintiff's objections regarding unconscionability still fail.

Plaintiff's next argument—that the arbitration agreement is inauthentic—is without merit. As an initial matter, Plaintiff did not raise this argument with Judge Ricardo, and so this objection fails on that ground alone. *See* ECF Nos. 72–73, 76; *Piligian*, 490 F. Supp. 3d at 716. Nevertheless, even after considering the merits, this objection still fails. Plaintiff argues that the arbitration agreement lacks evidence of its authentication, specifically because Defendants implemented electronic signatures. ECF No. 88 at 16. However, Plaintiff offers no evidence that the agreement is inauthentic, and in fact has never denied that she entered into the arbitration agreement. *See* ECF Nos. 65, 72, 73, 76 (failing to dispute that Plaintiff entered into the arbitration agreement), *see also Kelly v. Key Corp*, No. 23-CV-6569 (DGL) (MJP), 2024 WL 1142090, at *4–*5 (W.D.N.Y. Mar. 15, 2024) (concluding that there was no triable issue of fact as to whether an arbitration agreement existed, when the plaintiff disputed that he agreed to arbitration, but no "evidence of potential fraud exist[ed]").

Lastly, Plaintiff contends that the arbitration agreement is preempted by certain federal and state laws that protect against forced arbitration in cases of sexual assault or harassment. Again, these arguments were not made before Judge Ricardo. Even if they were, as determined by Judge Cott, the statutory protections of the EFAA do not extend to the arbitration agreement here because the EFAA "only applies to disputes or claims that arise *after* March 3, 2022," which is the date of the EFAA's enactment. ECF No. 70 at 12 (emphasis added). And, here, "[t]he latest incidence of sexual harassment alleged in the complaint took place on July 6, 2020." *Id.*; *see also Walters v. Starbucks Corp.*, 623 F. Supp. 3d 333, 337 (S.D.N.Y. 2022) (determining that "claims in this lawsuit are not covered by [the EFAA] because each claim arose or accrued before March

3, 2022"); ECF No 1 ¶ 21 (alleging that Plaintiff was terminated on July 6, 2020). And, Judge Cott determined, and this Court adopted, that the corollary state law, N.Y. C.P.L.R. § 7515(a)(2), does not apply where its application is inconsistent with federal law. *See* ECF No. 70 at 13; ECF No. 71; *Walters*, 623 F. Supp. 3d at 338. As such, "neither the EFAA nor C.P.L.R. § 7515 prevents the enforcement of the Agreement's arbitration clause." ECF No. 70 at 13.

In sum, the Court concludes that none of Plaintiff's objections are meritorious.

## CONCLUSION

Having reviewed the motion papers, the Report and Recommendation, and Plaintiff's objections, the Court finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. Plaintiff's Motion to Vacate is DENIED.

The Clerk of Court is directed to terminate ECF No. 72 and to mail a copy of this Order to Plaintiff.

Dated:  March 23, 2026
        White Plains, New York

SO ORDERED.

_____

JESSICA G. L. CLARKE
United States District Judge

7